Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| JOSE D. SANTIAGO TORRES<br>Apelante<br><br><br>v.<br><br><br>COMITÉ QUINTAS DE ALTAMIRA, MUNICIPIO DE JUANA DÍAZ, JUDIZ ESTRADA GARCÍA y OTROS<br>Apelados | TA2025AP00475 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. PO2024CV01814<br><br>Sobre:<br>Daños y Perjuicios Acción Civil |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece el señor José D. Santiago Torres (señor Santiago Torres o apelante) por derecho propio, a través de recurso de *apelación,* solicitando la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Centro Judicial de Ponce, (TPI), el 23 de septiembre de 2025. Mediante dicho dictamen el foro apelado acogió una *Moción de Desestimación por Falta de Legitimación Activa* presentada por el codemandado Municipio de Juana Díaz (el Municipio o codemandado). Al así disponer de la *Demanda* presentada por el señor Santiago, el TPI dispuso que procedía la desestimación por dos causas; falta de legitimación activa y ausencia de parte indispensable.

Adelantamos que confirmamos la Sentencia apelada, siendo evidente la falta de partes indispensables.

**I. Resumen del tracto procesal**

Limitándonos a ofrecer el recuento procesal de los datos esenciales a la controversia que resolvemos, el 28 de junio de 2024, el demandante instó su causa de acción en contra del Comité Quintas de Altamira, Inc., el Municipio, las señoras Judiz Estrada García (secretaria de Quintas de Altamira), Marta

Bahamonde, Carmen Chardón Rodríguez y el señor Alex Meléndez Torres (en conjunto, los demandados). Fue alegado que los demandados operan un portón de entrada en la Urbanización Quintas de Altamira, sito en la Carretera 14 del Municipio, que obstruye el acceso del público, sin poseer título alguno de control de acceso conforme lo requiere la ley. Se adujo poseer legitimación activa para instar la causa de acción, puesto que "todo ciudadano de los Estados Unidos de América tiene derecho a usar un camino público". Además, se tildó de inexistente la *Asociación de residentes de Quintas de Altamira*, afirmando que no aparecía control de acceso registrado en el Registro de la Propiedad de Juana Díaz. Fue añadido que el demandante tenía interés de poner un negocio de hidroponía en una finca de tres (3) cuerdas que se encuentra en Quintas de Altamira, la cual es propiedad de su hija. A estos fines, aseveró que las restricciones del control de acceso impedirían realizar de dicho negocio. Por todo lo cual, reclamó ser indemnizado y que se le permitiera el paso a dicho propiedad.

Luego, el señor Santiago Torres informó mediante moción haber diligenciado los emplazamientos de Judiz Estrada García y el Municipio, el 15 y 17 de julio de 2024, respectivamente.

No obstante, el Municipio instó una *Moción de Desestimación por Falta de Legitimación Activa*. Arguyó que el señor Santiago Torres no poseía legitimación activa para impugnar la legalidad del referido sistema de control de acceso, según fue aprobado por el propio Municipio, y operado por la Asociación de Residentes de la Urbanización Quintas de Altamira. Abundó que, debido a que el demandante no es propietario ni residente de algún inmueble sujeto al control de acceso en dicha urbanización, no podía alegar haber sufrido un daño real, concreto e inmediato que justificara la concesión de un remedio. Añadió que es la hija del apelante quien tendría la legitimación activa en el presente caso para instar causa de acción, por ser propietaria de un inmueble dentro del control de acceso. Advirtió, sin embargo, que dicha hija no era parte del pleito.

Ante lo cual, el Tribunal dictó *Orden* concediendo un término de veinte (20) días para que el señor Santiago Torres expresara su posición.

En consecuencia, el señor Santiago Torres interpuso *Moción en Oposición a la Moción de Desestimación*. En esta el apelante argumentó sobre: la inexistencia de una asociación de residentes; el carácter de uso público de la carretera por la que interesaba transitar, y para la cual no se había solicitado control de acceso; la ausencia de condiciones restrictivas; su interés de poner un negocio; el derecho de la ciudadanía en general de transitar las calles públicas.

Lo anterior dio lugar a que el Municipio ripostara mediante *Breve Réplica a la Moción en Oposición a la Moción de Desestimación*. Afirmó que, contrario a lo alegado por el señor Santiago Torres, la Asociación de Residentes de Quintas de Altamira sí existe y tiene un reglamento aprobado por sus miembros. Añadió que la propiedad de la hija del apelante está gravada con condiciones restrictivas. Además, afirmó que **solo dos de los seis demandados fueron emplazados dentro del término de ciento veinte (120) días reglamentario**. En específico, aseveró que el señor Santiago Torres **no había emplazado a la Asociación de Residentes, lo que provocaba la desestimación de la demanda, ante la falta de parte indispensable[1]**. (Énfasis provisto).

Visto lo anterior, el TPI emitió una *Orden* concediéndole al señor Santiago Torres un término de quince (15) días para que mostrara causa por la que no debía desestimar la demanda presentada contra los codemandados Comité Quintas de Altamira, Inc., Marta Bahamonde, Carmen Chardón Rodríguez y Alex Meléndez Torres, a tenor con la Regla 4.3(c) de Procedimiento Civil de Puerto Rico, al no haberse acreditado el diligenciamiento de sus emplazamientos.

---

[1] Entrada 23 de SUMAC.

A ello el señor Santiago Torres respondió mediante *Moción en Oposición a la Desestimación de la Demanda por Emplazamientos*, aduciendo que no era necesario emplazar a los referidos demandados, pues ya que se había adquirido jurisdicción sobre estos a través de las demás partes emplazadas, es decir, el Municipio y Judiz Estrada García.

En consecuencia, el 12 de mayo de 2025, el tribunal *a quo* dictó una *Sentencia Parcial,* desestimando sin perjuicio la causa de acción presentada contra los codemandados Comité Quintas de Altamira, Inc., Marta Bahamonde, Carmen Chardón Rodríguez y Alex Meléndez Torres, al haber transcurrido en exceso el término de ciento veinte (120) días reglamentario sin que se hubiese diligenciado sus emplazamientos. Es decir, el TPI nunca adquirió jurisdicción sobre la persona de dichos codemandados.

A los pocos meses, el 23 de septiembre de 2025, el TPI también dispuso de la causa de acción instada contra los codemandados restantes, al acoger la *Moción de Desestimación por Falta de Legitimación Activa* presentada por el Municipio. Al plasmar los fundamentos para acceder a la moción dispositiva del Municipio, el Tribunal identificó falta de legitimación activa del señor Santiago Torres para solicitar el remedio peticionado, a lo que añadió que, "aun de haber tenido el demandante la legitimación activa para promover el presente caso, **ante la insubsanable falta de parte indispensable** por haberse desestimado y archivado sin perjuicio la presente causa de acción en contra del Comité Quintas de Altamira, Inc., procede la desestimación"[2]. (Énfasis provisto).

Inconforme, el señor Santiago recurre ante este Tribunal de Apelaciones, mediante el presente recurso de *apelación*, señalando la comisión de los siguientes errores:

> **PRIMER ERROR:** Que para transitar por vías públicas no se requiere legitimación activa son del pueblo de Puerto Rico y de transitar pública.
> **SEGUNDO ERROR:** No entender la legitimación activa del demandante y fallarle en contra.

---

[2] Entrada 36 de SUMAC.

**TERCER ERROR:** Dictar *Sentencia* sin tomar en cuenta que quien ejerce el control de acceso no ha contestado la demanda.

## II. Exposición de Derecho

### A. Parte indispensable

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R.16.1, establece que en un pleito deben acumularse las personas que tengan un interés común "sin cuya presencia no pueda adjudicarse la controversia". La misma alude a una parte indispensable, que se puede definir como **aquella, de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia.** *López García v. López García,* 200 DPR 50 (2018); *González v. Adm. Corrección,* 190 DPR 14, 46 (2014); *García Colón v. Sucn. González,* 178 DPR 527, 548 (2010).

Es decir que, de verse el pleito en ausencia de la parte, los intereses de esta podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio. *Id.*

En *Romero v. S.L.G. Reyes,* 164 DPR 721, 732-733 (2005), nuestro Tribunal Supremo aclaró que:

> [L]a interpretación de [la] [R]egla [16.1] requiere de un enfoque pragmático, es decir, requiere de una evaluación individual a la luz de las circunstancias particulares que se presentan y no de una fórmula rígida para determinar su aplicación. Por lo tanto, los tribunales tienen que hacer un juicioso análisis que envuelva la determinación de los derechos de un ausente y las consecuencias de no ser unido como parte en el procedimiento.

Este ejercicio de consideración pragmática de los intereses presentes demanda una evaluación individual a la luz de las circunstancias particulares existente en cada caso, y no la utilización de una fórmula con pretensiones absolutas. *Id.* pág. 549-550. *López García v. López García, supra,* pág. 16. *Romero v. S.L.G. Reyes, supra,* pág. 732. De aquí que, al determinar si una parte es indispensable para adjudicar una controversia, se debe considerar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin

afectar los intereses del ausente". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677 (2012).

También, nuestro Tribunal Supremo ha enfatizado que:

> La falta de parte indispensable constituye un planteamiento tan relevante y vital que puede presentarse **en cualquier momento**, es decir, puede presentarse por primera vez en apelación e incluso puede suscitarse "sua sponte" por un tribunal apelativo ya que, **en ausencia de parte indispensable, <u>el tribunal carece de jurisdicción</u>**. Además, la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley de dicho ausente. *Romero v. S.L.G. Reyes, supra,* pág. 733. (Énfasis suplido y subrayado provistos). *Acevedo Feliciano v. Iglesia Católica,* 200 DPR 458 (2018).

Una vez se determina que una persona es parte indispensable en un litigio y que está ausente en el pleito, la acción debe ser desestimada sin perjuicio, es decir, que no tendrá el efecto de una adjudicación en los méritos con efecto de cosa juzgada. *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 511 (2015); *Romero v. S.L.G. Reyes, supra,* págs. 733-734. Aunque, la ausencia de incluir una parte indispensable es motivo para desestimar sin perjuicio la acción instada, a solicitud de parte interesada, el tribunal puede conceder la oportunidad de traer al pleito a la parte originalmente omitida, **siempre y cuando pueda el tribunal asumir jurisdicción sobre ella.** (Énfasis provisto). *Cirino González v. Adm. Corrección,* 190 DPR 14, 46 (2014).

## III. Aplicación del Derecho a los hechos

Según ya fue precisado, el foro apelado acogió la moción de desestimación instada por el Municipio al apreciar que: el señor Santiago Torres carecía de legitimación activa, y; se había preterido del proceso a una parte indispensable. A pesar de que tales razones comportan cuestionamientos sobre la jurisdicción del Tribunal para atender la Demanda presentada, en su escrito de apelación el señor Santiago Torres no discutió por qué deberíamos entender que incidió el foro primario al determinar que faltaba parte indispensable, limitándose a esgrimir fundamentos atinentes a su presunta legitimación activa y las razones por las cuales se le debería permitir la entrada a la urbanización en que reside su hija.

Sin embargo, la sola consideración del fundamento sobre ausencia de parte indispensable, por ser de umbral, resultaba suficiente para que el TPI desestimara la Demanda presentada, al no estar en posición el señor Santiago Torres de solicitar autorización para enmendarla con el propósito de incluir a las partes indispensables.

Sobre lo anterior, no existe controversia de que el apelante no diligenció el emplazamiento de cuatro de los seis codemandados que incluyó en la Demanda, dentro del término de ciento veinte (120) días dispuesto por la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). Tampoco hay controversia alguna que tales partes no emplazadas eran indispensables, según tal término jurídico ha sido definido por la jurisprudencia aquí citada. Es decir, qué duda cabe de que el Comité de Quintas de Altamira, Inc. era una parte indispensable, siendo la entidad principal que controla el acceso a la Urbanización objeto de la controversia. Por tanto, dicha parte tiene un interés real e inmediato en el pleito, pues su resultado podría afectarle drásticamente en su ausencia, lo que supondría una lesión al debido proceso de ley. *López García v. López García, supra*; *González v. Adm. Corrección*, supra; *García Colón v. Sucn. González*, supra.

De ordinario, ante un planteamiento sobre falta de parte indispensable el foro que lo sopesa estaría llamado a considerar si ello se pudiera reparar a través de una enmienda a demanda. Sin embargo, en este caso tal vía está cerrada porque, al haberse desestimado la Demanda contra las partes indispensables por no haber sido debidamente emplazadas dentro del plazo del ciento veinte días aludido, correspondería a la parte demandante instar nuevamente una demanda contra estos para entonces emplazarlos. Por ello afirmamos que, en este caso, el TPI estaba impedido de permitir que el señor Santiago Torres enmendara la demanda a fines de incorporar a los codemandados que no emplazó, lo que tuvo una consecuencia directa sobre el pleito en general, aun sobre las partes que habían sido debidamente emplazadas. La referida consecuencia es que, a falta de parte indispensable,

y sin posibilidad de enmendar la demanda para incluirlas, no se podía continuar el pleito contra las partes que sí habían sido debidamente emplazadas, el foro apelado venía en la obligación de desestimar, según lo hizo.

En definitiva, la falta de parte indispensable privó al foro primario de jurisdicción para continuar el pleito contra los apelados de epígrafe, imponiéndosele como única ruta decisoria ordenar la desestimación del pleito restante.

## IV. Parte dispositiva

Por los fundamentos expuestos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones